# THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHEASTERN DIVISION

| | |
|---|---|
| **HAROLD D. COGGIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case Number:** |
| v. ) | |
| ) | |
| **SAGESURE INSURANCE** ) | |
| **MANAGERS, LLC & FEDNAT** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Defendants.** ) | |

## NOTICE OF REMOVAL

To:   Judson E. Crump, Esq.
      Judson E. Crump, P.C.
      23690 US Hwy 98, Suite F1
      Fairhope, Alabama 36532
      P:    (251) 272-9148
      judson@judsonecrump.com

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, you are hereby notified that Defendant removes this action from the Circuit Court of Cullman County, Alabama to the United States District Court for the Northern District of Alabama, Northeastern Division, and in support hereof would show unto the Court the following:

## INTRODUCTION

1. This action was originally filed in the Circuit Court of Cullman County, Alabama, as Civil Action No.: 25-CV-2023-900048.00. A copy of the Summons and Complaint was served by certified mail on Defendant SageSure Insurance Managers, L.L.C. on March 6, 2023. Thus, this Notice of Removal has been filed within the time prescribed by 28 USC § 1446(b).

2. Defendant appears solely for the purposes of filing this Notice of Removal and reserves all rights, defenses, exceptions and claims without waiver thereof. More specifically, Defendant reserves the right to plead improper service, improper service of process, improper venue, and lack of personal jurisdiction.

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders in the state court action is attached hereto as Exhibit "A" together with a copy of the state court case action summary, attached hereto as Exhibit "B".

4. The United States District Court for the Northern District of Alabama, Northeastern Division, has original subject matter jurisdiction of this civil action because there is complete diversity of citizenship among all properly joined parties pursuant to 28 U.S.C. § 1332 and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Since the Complaint was originally filed in the Circuit Court of Cullman County, Alabama, this District is the proper venue upon removal in accordance with 28 U.S.C. § 1441(a).

## DIVERSITY OF CITIZENSHIP

5. As alleged in the Complaint, Plaintiff Harold D. Coggin is an adult resident citizen of the State of Alabama. The Plaintiff is a resident citizen of the State of Alabama within the meaning of the Judiciary Article of the Constitution of the United States and the Acts of Congress, creating diversity jurisdiction in the federal courts and governing the removal of causes from state courts to federal courts on the ground of diversity citizenship.

6. Defendant SageSure Insurance Managers, L.L.C. is a Florida limited liability corporation and its sole member is SageSure Holdings, L.L.C. SageSure Holdings, L.L.C. is a Delaware limited liability corporation and its members are Daniel Brooks, a person of full age and majority and domiciled in Connecticut and Insight Catastrophe Group, L.L.C., a Delaware limited liability corporation. Insight Catastrophe Group, L.L.C.'s members are Equity American Financial Services, Inc. and Slaine Holdings, L.L.C. Equity American Financial Services, Inc. ("Equity") is a North Carolina corporation. Slaine Holdings, L.L.C. is a Delaware limited liability corporation. Slain Holdings, L.L.C.'s members are Equity, a North Carolina corporation; Iron Family Holdings, L.L.C., a Florida L.L.C. whose sole members are (1) Susan McLean, a person of full age and majority domiciled in California, (2) Terrence McLean, a person of full age and majority domiciled in New York, (3) Daniel Brooks Clark, a person of full age and majority domiciled in Connecticut; (4)

Blasket Island Holding, L.L.C., a now-dissolved Delaware L.L.C. and its sole member was Thomas B. Kearney, a person of full age and majority domiciled in Florida, and, (5) Belden Hill Trust, a Trust formed under Connecticut law, the trustee of the Belden Hill Trust is JPMorgan Trust Company of Delaware, a Delaware corporation. As such, SageSure Insurance Managers, L.L.C., is not a resident citizen of the State of Alabama within the meaning of the Judiciary Article of the Constitution of the United States and the Acts of Congress, creating diversity jurisdiction in the federal courts and governing the removal of causes from state courts to federal courts on the ground of diversity citizenship.

7.  Defendant FedNat Insurance Company was incorporated in Florida and its principal place of business is Florida. As such, Defendant FedNat Insurance Company is not a resident citizen of the State of Alabama within the meaning of the Judiciary Article of the Constitution of the United States and the Acts of Congress, creating diversity jurisdiction in the federal courts and governing the removal of causes from state courts to federal courts on the ground of diversity citizenship.

8.  Defendant FedNat Insurance Company is currently in liquidation pursuant to an order entered September 27, 2022, by the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida. A copy of that order is attached hereto as Exhibit "C". Pursuant to that order, the commencement or continuation of any judicial action against FedNat Insurance Company is stayed. As such, FedNat

Insurance Company is improperly and/or fraudulently joined as a defendant. As such, there is complete diversity of citizenship among all properly joined parties pursuant to 28 U.S.C. § 1332.

9. Improper and/or fraudulent joinder is a "legal term of art, reflecting not the integrity of the parties in bringing the action, but rather the viability of the theories against the nondiverse defendant." Baker v. Tri-Nations Express, Inc., 531 F.Supp.2d 1307, 1311 (M.D. Ala. 2008)(citing Parks v. New York Times Co., 308 F. 2d 474, 478 (5th Cir. 1962)). "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." Triggs v. John Crump Toyota, Inc., 154 F. 3d 1284, 1287 (11th Cir.1998). Notwithstanding the complete diversity requirement, a non-diverse defendant who is fraudulently joined does not defeat diversity because his citizenship is excluded from the diversity equation. The removing party alleging fraudulent joinder has the burden of providing by clear and convincing evidence that one of the following circumstances exists: (1) there is no possibility the plaintiff can prove a cause of action against the non-diverse defendant; (2) there is outright fraud in the plaintiff's pleading of jurisdictional facts (e.g., amount-in-controversy); or (3) "a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and ... the claim against the diverse defendant has no real connection to the claim against the

5

nondiverse defendant." Triggs, 154 F. 3d at 1287; see also, Henderson v. Wash. Nat'l Ins. Co., 454 F. 3d 1278, 1281 (11th Cir. 2006).

10. Here, Plaintiff has named as a defendant an entity currently in liquidation and for which a stay has been entered prohibiting Plaintiff's lawsuit. Under this set of circumstances, there is complete diversity among all *properly* joined defendants.

11. Given the foregoing, there is complete diversity of citizenship among all properly joined parties pursuant to 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

12. In the Complaint, Plaintiff Harold D. Coggin claims that in September of 2020 he suffered damage to his home from Hurricane Sally and that the Defendants failed to adequately pay for repairs for said damage although obligated to do so pursuant to a contract of insurance. [Doc. 2, ¶s 4 and 5]. According to Plaintiff, Hurricane Sally caused damage to his home including "multiple roof leaks, window leaks, siding leaks, soffit and fascia leaks and other elements of structural damage". [Doc. 2, ¶ 8]. Furthermore, Plaintiff alleges those leaks eventually led to substantial deterioration of the home itself including mold and mildew. [Doc. 2, ¶ 9]. In total, Plaintiff claims that the damage to his home was approximately $100,000. [Doc. 2, ¶ 12]. Plaintiff further alleges that he was insured with the Defendants at the time of Hurricane Sally and that the Defendants did not pay

Plaintiff for the cost of repairs and remediation. [Doc. 2, ¶s 5 and 15]. Plaintiff claims that he has personally spent over $100,000 to repair the damage to his home. [Doc. 2, ¶ 16]. These allegations form the basis of Plaintiff's claims for breach of contract and bad faith against the Defendants. [Doc. 2].

13.   As for his damages, the Plaintiff alleges that the damage to his house was approximately $100,000 and that the Plaintiff spent over $100,000 to repair his house. [Doc. 2, ¶s 12 and 16]. Although no specific amount is stated in his Complaint, the Plaintiff is claiming both compensatory and punitive damages. [Doc. 2].

14.   Where, as here, the Plaintiff has not pled a specific amount of damages, the removing Defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Williams v. Best Buy Co.*, 269 F. 3d 1316, 1319 (11th Cir. 2001) (citations omitted). In assessing whether the defendant has met this burden, this Court should first determine from looking at the complaint whether it is "facially apparent" that the amount in controversy exceeds $75,000. *Williams,* 269 F. 3d at 1319. In making this determination, this Court is not bound by the Plaintiff's representations regarding his claim, nor must it assume that the Plaintiff is in the best position to evaluate the amount of damages sought. *Roe v. Michelin North Am., Inc.*, 613 F. 3d 1058, 1061 (11th Cir. 2010) (citing *Pretka v. Kolter City Plaza II, Inc.,* 608 F. 3d 744, 771 (11th Cir.

7

2010)). In fact, in some cases, a defendant or the court itself may be better situated to accurately assess the amount in controversy. *Roe*, 613 F. 3d at 1061 (citing *Pretka*, 608 F. 3d at 771).

15. Moreover, this Court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *Roe*, 613 F. 3d at 1061-62 (citing *Pretka*, 608 F. 3d at 754). Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." *Id*. at 1062 (quoting *Pretka*, 608 F. 3d at 770). Instead, courts may use their "judicial experience and common sense" in deciding whether the case stated in a complaint meets federal jurisdictional requirements. *Id.* (footnote omitted).

16. That "judicial experience and common sense" certainly applies when a Plaintiff seeks an unspecified punitive damage award. A court must consider punitive damages when determining the amount in controversy, "unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F. 2d 1531, 1535 (11th Cir. 1987). This Court may conclude that the Plaintiff is likely to be awarded punitive damages by examining the "allegations in light of the particular causes of action." *Smith v. Family Dollar Stores, Inc.*, 2014 WL 4793445, *4 (N.D. Ala. Sept. 25, 2014) (quoting *Roe v.*

*Michelin N. Am., Inc.*, 613 F. 3d 1058, 1065 (11th Cir. 2010)). In doing so, this Court need not require the Defendant to produce evidence to support the Plaintiff's allegations. Indeed, "preventing a district judge from acknowledging the value of the claim, merely because it is unspecified by the plaintiff, would force the court to abdicate its statutory right to hear the case." *Roe*, 613 F. 3d at 1064. As the District Court has previously held, it "will not permit plaintiff[s] to disclaim the seriousness of defendants' alleged misconduct and the extent of monetary relief sought in an attempt to avoid federal jurisdiction." *Smith, supra* at *5 (citation omitted).

17.     This Court "need not overuse its common sense to conclude that plaintiff[s] place[] more than $75,000.00 in controversy." *Geodesic Consulting, LLC v. BBVA USA Bancshares, Inc.*, 2015 WL 4985474, *2 (Ala. N.D. Aug. 20, 2015)(plaintiff's claims for contract damages and fraud claim seeking punitive damages met jurisdictional amount where the plaintiff had not disclaimed entitlement to any amount over $74,999.99). Indeed, "preventing a district judge from acknowledging the value of the claim, merely because it is unspecified by the plaintiff, would force the court to abdicate its statutory right to hear the case." *Roe*, 613 F. 3d at 1064. As the District Court has previously held, it "will not permit plaintiff[s] to disclaim the seriousness of defendants' alleged misconduct and the extent of monetary relief sought in an attempt to avoid federal jurisdiction." *Smith, supra* at *5 (citation omitted). Moreover, this Court has said that "plaintiffs ... who

9

want to pursue claims ... seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more." *Smith v. State Farm Fire & Cas. Co.,* 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012)(Acker, J.); *see also, Oliver v. Rodriguez,* 2008 WL 928328, at *4 (plaintiff's refusal to stipulate to less than $75,000 was one of several factors leading court to conclude that amount in controversy requirement was satisfied).

18.  Here, even though the Plaintiff has failed to make a specific claim for damages, it is readily apparent that his claims satisfy the $75,000.00 jurisdictional amount. The Plaintiff claims compensatory damages for allegedly unpaid repairs to his home in excess of $100,000. In addition, Plaintiff seeks punitive damages from the Defendants.

19.  It has been said that claims for unspecified punitive damages almost always meet the jurisdictional requirement. *See, Tucker v. Northbrook Indem. Co.*, 2013 WL 5961095, at *1 (N.D. Ala. Nov. 7, 2013) ("The 'legal certainty' that there could not be sufficient punitive damages to take the recovery beyond $75,000 is virtually impossible to demonstrate."); *Jones v. Hartford Fire Ins. Co.*, 2013 WL 550419, at *1 (N.D. Ala. Feb. 7, 2013) ("the moment a state court plaintiff seeks unspecified damages of various kinds, such as punitive damages ... the claim

automatically is deemed to exceed $75,000 and becomes removable under 28 U.S.C. § 1332."); *Smith v. State Farm Fire & Cas. Co.*, 868 F.Supp.2d 1333, 1335 (N.D. Ala. 2012) (concluding when pursuing claims against diverse parties seeking unspecified damages of various kinds, including punitive damages, plaintiffs must formally and expressly disclaim any entitlement to more than jurisdictional amount).

20.  Given the foregoing, Defendant submits that it is "facially apparent" that the amount in controversy exceeds $75,000.

21.  A copy of the Notice of Removal is being served on the Plaintiff, by and through his attorney of record, and upon the Clerk for the Circuit Court of Cullman County, Alabama.

22.  Since Defendant FedNat Insurance Company is improperly and/or fraudulently joined, its consent to removal is not required. 28 USC § 1446(b)(2)(A). As set forth above, FedNat Insurance Company is in liquidation pursuant to an order entered September 27, 2022, by the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida. Pursuant to that order, the commencement or continuation of any judicial action against FedNat Insurance Company is stayed.

WHEREFORE, the Defendant serves this Notice and hereby removes this case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Plaintiff is notified to proceed no further in this case in the Circuit Court of Cullman County, Alabama,

unless by Order of the United States District Court for the Northern District of Alabama, Northeastern Division.

RESPECTFULLY SUBMITTED, this 4th day of April 2023.

/s/ H. C. Ireland, III
H.C. Ireland, III (IRE001)
Keith J. Pflaum (PFL001)
Attorney for Defendant
Porterfield, Harper, Mills, Motlow
    & Ireland, P.A.
22 Inverness Center Parkway, Suite 600
Birmingham, AL  35242
Telephone: (205) 980-5000
Facsimile: (205) 980-5001
Email: ireland@phm-law.com and
kjp@phm-law.com

# THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHEASTERN DIVISION

| | |
|---|---|
| **HAROLD D. COGGIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Case Number:** |
| v. | ) |
| | ) |
| **SAGESURE INSURANCE** | ) |
| **MANAGERS, LLC & FEDNAT** | ) |
| **INSURANCE COMPANY** | ) |
| | ) |
| **Defendants.** | ) |

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 4th day of April 2023, I filed the foregoing with the Clerk of Court, and I hereby certify that I am forwarding the foregoing via United States Mail and/or email to the following:

Judson E. Crump, Esq.
Judson E. Crump, P.C.
23690 US Hwy 98, Suite F1
Fairhope, Alabama 36532
T: (251) 272-9148
judson@judsonecrump.com


                                       */s/ Keith J. Pflaum*
                                       OF COUNSEL