IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HAROLD D. COGGIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 23-CV-0199-KD-MU |
| | ) |
| SAGESURE INSURANCE | ) |
| MANAGERS, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

On April 6, 2023, Defendant SageSure Insurance Managers, LLC ("SageSure") filed a Motion to Dismiss Plaintiff's complaint against it. (Doc. 3). This motion has been referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72. In its motion, SageSure originally sought dismissal for failure to state a claim upon which relief can be granted and for improper venue. (Doc. 3). On May 11, 2023, the court in which the action was originally filed granted a motion to transfer venue and the case was properly transferred to this Court. (Docs. 15, 16). Therefore, the only remaining issue in SageSure's motion to dismiss is whether the complaint fails to state a claim against it. This issue has been fully briefed by both parties. (Docs. 9, 12, 18, 19). For the reasons set forth below, the undersigned Magistrate Judge **RECOMMENDS** that Defendant SageSure's motion to dismiss be **GRANTED.**

## **I. Factual Allegations**

On March 2, 2023, Plaintiff Harold D. Coggin filed a complaint in the Circuit Court of Cullman County, Alabama, against Defendants SageSure Insurance Managers, LLC,

and FedNat Insurance Company ("FedNat"). (Doc. 1-1 at p. 3). The action was removed to the United States District Court for the Northern District of Alabama on April 4, 2023, and was later transferred to this Court. (Docs. 1, 16). In his complaint, Plaintiff alleges that Defendants SageSure and FedNat failed to pay adequately for repairs for damage to his home that was caused by Hurricane Sally in September of 2020. (Doc. 1-1 at pp. 3-5). He seeks damages for breach of contract and bad faith. (*Id.* at pp. 5-6).

Throughout his complaint, Plaintiff refers to SageSure and/or FedNat as "Defendants" or "Defendant" without delineating between the two named entities. (*Id*. at pp. 3-6). Notably, he avers that his dwelling "was insured by the Defendants." (*Id*. at p. 4). He attached a copy of the homeowner's policy to the complaint. (*Id*. at pp. 12-23). The Declarations page has the name "Fed*Nat Insurance Company" at the top of the page and states that "Your Insurer" is "FedNat Insurance Company (Stock Company)." (*Id*. at p. 12). The Declarations page also states that the Producer is Geico Insurance Agency, Inc. and the Agent of Record is SageSure Insurance Managers LLC. (*Id*.). Plaintiff also attached a letter addressed to him from SageSure Customer Care that referenced "Your Homeowners Insurance Policy with FedNat Insurance Company" and stated in the body that "SageSure Insurance Managers is pleased to renew your Homeowners policy with FedNat Insurance Company." (*Id*.). Under the section of the letter entitled Claims, the letter stated: "To file or track a claim, please contact FedNat Insurance Company's 24/7 Claims Department directly at (800) 293-2532 or visit [www.MySageSure.com](www.MySageSure.com) for information about filing a claim online." (*Id*.). The Use of Credit Notification attached to Plaintiff's complaint also reflected that the "Insurance Company" is FedNat Insurance Company. (*Id*. at p. 14).

## II. Standard of Review

Defendant SageSure submits that Plaintiff's claims against it are due to be dismissed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because Plaintiff has failed to state a claim against it upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. A complaint is also "subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim,'" *Douglas v. Yates,* 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne,* 326 F.3d 1352, 1357 (11th Cir. 2003)), or "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action," *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

In determining whether a claim is stated, the court "must accept the factual allegations in a complaint as true and construe them in the light most favorable to the plaintiff." *Almanza v. United Airlines, Inc.,* 851 F.3d 1060, 1066 (11th Cir. 2017). However, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011). While the court must usually limit its review and consideration to the complaint itself and

exhibits attached to it, a "court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of Am. Secs., LLC,* 600 F.3d 1334, 1337 (11th Cir. 2010).

### III. Legal Analysis

SageSure asserts that the complaint fails to state a claim against it for either breach of contract or bad faith because SageSure was not the insurer nor was it a party to the relevant insurance contract. Specifically, SageSure contends that the insurance policy and other documents attached to the complaint upon which Plaintiff relies clearly show that the insurer is Defendant FedNat Insurance Company. SageSure further avers that, under Alabama law, only the insurer, as a party to the insurance contract, can be liable for breach of contract or for bad faith.

This Court recently held, in a similar case, that an insurance broker or third-party administrator who is not a party to the insurance contract cannot be held liable for breach of the insurance contract or for bad faith in connection therewith. *See Hotard v. Certain Underwriter's at Lloyd's, London,* Civ. A. No. 21-00554-KD-B, 2022 WL 620338, at *2 (S.D. Ala. Feb. 7, 2022). The *Hotard* Court relied on two Alabama Supreme Court cases in reaching its conclusion. In *Pate v. Rollison Logging Equip., Inc.,* 628 So. 2d 337, 343 (Ala. 1993), the Alabama Supreme Court held that a defendant who acted as a broker to place the insurance on behalf of the insured was not a party to the insurance contract, and therefore, could not be liable for breach of contract. Likewise, in *Ligon Furniture Company, Inc. v. O.M. Hughes Ins., Inc.,* 551 So. 2d 282, 285 (Ala. 1989), the Alabama Supreme Court held that neither the company that placed the insurance nor the claims adjuster were parties to the insurance contract and, therefore, could not be

4

liable for its breach. The Court, noting that "[t]he tort of 'bad faith' is not a cognizable cause of action in Alabama, except in the context of a breach of an insurance contract," also held that only a party to the insurance contract can be liable for bad faith. *Id.* Based on these authorities, the Court finds that it is well-settled that Plaintiff here can only sustain an action for breach of contract and bad faith against a party to the insurance contract.

Thus, the issue here is whether Plaintiff has stated a claim against SageSure that has facial plausibility; that is, whether Plaintiff has plead factual content that allows this Court to draw the reasonable inference that SageSure was a party to the insurance contract. Having reviewed the allegations of the complaint and the attachments to it, including, importantly, the declarations page of the insurance policy, the Court finds that Plaintiff has not met this burden. While Plaintiff's references throughout his complaint to "Defendants" or "Defendant" without delineating between the two named defendants, *see* Doc. 1-1 at pp. 3-6, muddies up the waters and is a practice frowned upon by the Court, the attachments clearly show that FedNat was the insurer and party to the insurance policy, while SageSure was an insurance agent/manager who placed insurance, collected premiums, and provided information to the customers for whom it provided assistance in placing insurance.

For example, the Declarations page has the name "Fed*Nat Insurance Company" at the top of the page and states that "Your Insurer" is "FedNat Insurance Company (Stock Company)." (*Id*. at p. 12). The Declarations page also states that the Producer is Geico Insurance Agency, Inc. and the Agent of Record is SageSure Insurance Managers LLC. (*Id*.). Plaintiff also attached a letter addressed to him from

5

SageSure Customer Care that referenced "Your Homeowners Insurance Policy with FedNat Insurance Company" and stated in the body that "SageSure Insurance Managers is pleased to renew your Homeowners policy with FedNat Insurance Company." (*Id*.). Under the section of the letter entitled Claims, the letter stated: "To file or track a claim, please contact FedNat Insurance Company's 24/7 Claims Department directly at (800) 293-2532 or visit [www.MySageSure.com](www.MySageSure.com) for information about filing a claim online." (*Id*.). The Use of Credit Notification attached to Plaintiff's complaint also reflected that the "Insurance Company" is FedNat Insurance Company. (*Id*. at p. 14).

      Plaintiff has offered no factual support for his contentions that SageSure was a party to the insurance policy at issue here. His use of the term "Defendants" collectively in the factual allegations section of his complaint does not create facial plausibility when the documents he attached to the complaint demonstrate that only FedNat was a party to the contract. Accordingly, Plaintiff's claims against SageSure are due to be dismissed.

## **CONCLUSION**

    For the reasons stated above, the Court finds that the complaint, when viewed in the light most favorable to Plaintiff, fails to state a claim for breach of an insurance contract or a claim for bad faith against SageSure. Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that the motion to dismiss filed by Defendant SageSure Insurance Managers, LLC be **GRANTED** and that SageSure Insurance Managers, LLC be **DISMISSED** as a defendant in this action.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **27th** day of **July, 2023**.

                                          s/P. BRADLEY MURRAY
                                          UNITED STATES MAGISTRATE JUDGE