IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HAROLD D. COGGIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-CV-0199-KD-MU |
| | ) | |
| ALABAMA INSURANCE GUARANTY ASSOCIATION, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On February 2, 2024, Defendant Alabama Insurance Guaranty Association ("AIGA") filed a Limited Special Appearance and AIGA's Motion to Dismiss this case pursuant to Rule 12(b)(1), (5), and (6) for lack of subject matter jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted. (Doc. 28). This motion has been referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72. Plaintiff filed a response to this motion objecting to dismissal and instead requesting remand to state court, seemingly agreeing that this Court lacks subject matter jurisdiction, and AIGA filed a reply stating that it does not oppose the remand of this action to state court. (Docs. 29, 31). For the reasons set forth below, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's unopposed request for remand to state court be **GRANTED.**

### I. Background

On March 2, 2023, Plaintiff Harold D. Coggin, an Alabama resident, filed a complaint in the Circuit Court of Cullman County, Alabama, against Defendants SageSure Insurance Managers, LLC, and FedNat Insurance Company (hereinafter

"FedNat"). (Doc. 1-1 at p. 3). The action was removed to the United States District Court for the Northern District of Alabama on April 4, 2023, under diversity jurisdiction, and was subsequently transferred to this Court. (Docs. 1, 16). In his complaint, Plaintiff alleged that Defendants SageSure and FedNat failed to pay adequately for repairs for damage to his home that was caused by Hurricane Sally in September of 2020. (Doc. 1-1 at pp. 3-5). He sought damages for breach of contract and bad faith. (*Id.* at pp. 5-6).

In earlier proceedings, the Court granted a motion to dismiss filed by SageSure, leaving FedNat as the sole party defendant. (Docs. 20, 21). On September 11, 2023, Plaintiff moved to substitute AIGA as the defendant in place of FedNat, his homeowner's insurance company, which had been declared insolvent in the State of Florida. (Doc. 24). The Court granted Plaintiff's motion on October 26, 2023. As a result, AIGA is the sole defendant in this case. (Doc. 25).

## II. Analysis

In its motion to dismiss, AIGA asserts, *inter alia*, that this Court lacks subject matter jurisdiction over this case because both Plaintiff and AIGA are citizens of the state of Alabama, and therefore, complete diversity does not exist. (Doc. 28 at pp. 1-2). In response to this motion, Plaintiff has requested that this action be remanded to state court, and, in its reply, AIGA states that it does not oppose remand. (Docs. 29, 31). 28 U.S.C. § 1447(c) states, in relevant part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Because complete diversity does not exist, this Court lacks subject matter jurisdiction over this action. Accordingly, this action is due to be remanded. Because it lacks

jurisdiction over this cause, the undersigned further recommends that consideration of the other grounds set forth by AIGA for dismissal be determined by the state court.

### III. Conclusion

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's unopposed request for remand be **GRANTED** and that this case be **REMANDED** back to the Circuit Court of Cullman County, from where it was originally removed**.**

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection

3

that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the **23rd** day of **February, 2024**.

                                        <u>s/P. BRADLEY MURRAY</u>
                                        UNITED STATES MAGISTRATE JUDGE